IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. FELIX, | No. C 10-2823 LHK (PR) |
| Petitioner, | ORDER DIRECTING PETITIONER TO FILE COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE |
| v. | |
| DR. S. MAYBERG, et al., | |
| Respondents. | |

Petitioner, proceeding *pro se*, filed a habeas corpus petition challenging his civil commitment, pursuant to 28 U.S.C. § 2254. On August 17, 2010, the Court dismissed this action without prejudice and entered judgment for failing to file a completed in forma pauperis application ("IFP") or pay the filing fee within thirty days of the notification to do so. Petitioner filed a timely notice of appeal, which this Court construed as a request for a certificate of appealability ("COA"). On January 11, 2011, this Court denied Petitioner's request for a COA.

On May 23, 2012, the Ninth Circuit Court of Appeals construed Petitioner's notice of appeal as a request for a certificate of appealability, and as a motion for reconsideration. The Ninth Circuit found that Petitioner attempted to demonstrate compliance with the Court's previous instruction to file an IFP application. Specifically, Petitioner stated that his attorney filed papers on his behalf on August 6, 2010, and those papers included his application to proceed IFP. In light of the motion for reconsideration, the Ninth Circuit held the proceedings in

abeyance pending this Court's resolution of Petitioner's motion for reconsideration.

By way of background, Petitioner initiated this action on June 28, 2010, by filing a petition for writ of habeas corpus. That same day, the Clerk sent him notice he failed to file a completed application to proceed IFP or pay the $5.00 filing fee. The notification further informed Petitioner that the failure to submit a completed application to proceed IFP or the $5.00 filing fee would result in the dismissal of the action. The Court received no response from Petitioner within thirty days, i.e., by July 28, 2010, and thus, on August 17, 2010, dismissed the action without prejudice.

In Petitioner's motion for reconsideration, Petitioner submits a copy of a letter from his attorney, dated August 6, 2010, attaching Petitioner's application to proceed IFP. (Dkt. No. 6, Ex. 3.) Not only is the letter from Petitioner's attorney dated more than thirty days after the filing date of the Clerk's notification (Dkt. No. 2), but the attached application to proceed IFP is incomplete. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor").

Petitioner's application also references *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000). However, in *Page*, the Ninth Circuit held that the financial reporting and full filing fee requirements of § 1915(a)(2) & (b), and the administrative exhaustion procedures of § 1997e, applied only to "prisoners," i.e., individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses. *See id.* (individual civilly committed pursuant to California's Sexually Violent Predators Act is not a "prisoner" within meaning of 28 U.S.C. § 1915). Because the PLRA does not apply to habeas corpus proceedings, *see Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997), *Page* is inapplicable to Petitioner's case.

Non-prisoner status is not the determining factor in whether a litigant will be allowed to proceed as a pauper. The Court must have information about an applicant's financial wherewithal to decide whether pauper status is appropriate, but Petitioner's request, attached as an exhibit to his notice of appeal was not only untimely, but also does not provide that

information.

Therefore, **within thirty (30) days)** of the filing date of this order, Petitioner must complete and file the attached Application To Proceed In Forma Pauperis (Non-Prisoner Cases Only) or pay the $5.00 habeas filing fee.  He also must attach to the application a copy of his current trust account statement from the institution in which he is housed.  Although a trust account statement is not mentioned on the application form, it is an appropriate requirement for someone who is in custody and is having some or all of his basic needs met.  After thirty days, the Court will resolve Petitioner's motion for reconsideration, and determine whether to re-open this action.  **Failure to file a completed IFP application within thirty days, and in accordance with this order will result in the denial of Petitioner's motion for reconsideration, and Petitioner's case remaining closed.**

IT IS SO ORDERED.

DATED: 6/27/12

LUCY H. KOH
United States District Judge