IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. FELIX,<br><br>    Petitioner,<br><br> v.<br><br>DR. S. MAYBERG, et al.,<br><br>    Respondents. | No. C 10-2823 LHK (PR)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; SUA SPONTE GRANTING PETITIONER AN EXTENSION OF TIME TO PAY FILING FEE<br><br>(Docket Nos. 15, 17, 18) |

On June 28, 2010, Petitioner, proceeding *pro se*, filed a habeas corpus petition challenging his civil commitment, pursuant to 28 U.S.C. § 2254. On August 17, 2010, the Court dismissed this action without prejudice and entered judgment for failing to file a completed in forma pauperis application ("IFP") or pay the filing fee within thirty days of the notification to do so. Petitioner filed a timely notice of appeal.

On May 23, 2012, the Ninth Circuit Court of Appeals construed Petitioner's notice of appeal as a request for a certificate of appealability, and as a motion for reconsideration. The Ninth Circuit found that Petitioner attempted to demonstrate compliance with the Court's previous instruction to file an IFP application. In light of the motion for reconsideration, the Ninth Circuit held the proceedings in abeyance pending this Court's resolution of Petitioner's motion for reconsideration.

Order Denying Motion to Proceed In Forma Pauperis; Denying Motion for Appointment of Counsel; Sua Sponte Granting Petitioner an Extension of Time to Pay Filing Fee
G:\PRO-SE\SJ.LHK\HC.10\Felix823eot2dirP.wpd

On June 28, 2012, the Court reviewed Petitioner's motion for reconsideration, and found that the letter from Petitioner's attorney was dated after the deadline set for Petitioner to pay the filing fee, and Petitioner's application to proceed IFP was deficient. To that end, the Court directed Petitioner to file a completed application to proceed IFP.

On July 31, 2012, Petitioner filed an incomplete motion to proceed IFP. In the motion, Petitioner alleges that he has been asking prison officials to send a statement of his prison trust account, as well as $5.00 to pay the filing fee. On August 12, 2012, the Court sua sponte granted Petitioner an extension of time to either file a completed IFP application, including a completed and signed Certificate of Funds, or pay the $5.00 filing fee.

On September 17, 2012, Petitioner filed a motion requesting the Court to grant his application for IFP. Exhibits attached to his motion demonstrate that, on August 20, 2012, he sent a request to the legal department as well as his assigned counselor for issuance of the $5.00 filing fee. (Dkt. No. 18, Ex. 1.) In addition, Petitioner's trust account statement from April 2012 through July 2012 indicate that Petitioner's average monthly deposit is $100.00 (Dkt. No, 15, Ex. 4.) In light of those facts, the Court DENIES Petitioner's motion to proceed IFP, and sua sponte grants Petitioner a **final** extension of time to pay the $5.00 filing fee.

Petitioner has also filed a motion for appointment of counsel. The motion is DENIED without prejudice. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). At this time, appointment of counsel is not mandated, and the interests of justice do not require appointment of counsel. Accordingly, Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

1  **Failure to pay the filing fee, within forty-five days will result in the denial of**
2  **Petitioner's motion for reconsideration, and Petitioner's case remaining closed.**
3      The clerk shall send a copy of this order to the prison trust account office.  To expedite
4  the process, the Court requests that the prison trust account office issue the $5.00 filing fee so
5  that this matter can proceed.
6      IT IS SO ORDERED.
7  DATED:  10/4/12

                            LUCY H. KOH
                            United States District Judge

Order Denying Motion to Proceed In Forma Pauperis; Denying Motion for Appointment of Counsel; Sua Sponte Granting Petitioner an Extension of Time to Pay Filing Fee
G:\PRO-SE\SJ.LHK\HC.10\Felix823eot2dirP.wpd      3