IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT E. FELIX, | ) | No. C 10-2823 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO RE-OPEN; ORDER |
| | ) | DIRECTING RESPONDENT TO |
| vs. | ) | FILE A MOTION TO DISMISS OR |
| | ) | NOTICE THAT IT EXPRESSLY |
| DR. S. MAYBERG, | ) | WAIVES THE EXHAUSTION |
| | ) | REQUIREMENT |
| Respondent. | ) | |

Petitioner, a civilly committed person proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court directs the Clerk to RE-OPEN this matter. The Court orders Respondent to file a motion to dismiss or a notice that it expressly waives the exhaustion requirement.

**BACKGROUND**

In 1982, Petitioner was convicted of three counts of false imprisonment, two counts of oral copulation, one count of rape, and one count of assault with the intent to commit rape. (Pet., Ex. 5 at 1.) Petitioner was released on parole before 1993. (*Id.* at 2.) Petitioner had his parole subsequently revoked several times, and while he was in custody for a March 1996 parole revocation, the State filed a petition to commit Petitioner as a sexually violent predator ("SVP"), under California's Welfare and Institutions Code §§ 6600, *et seq.* (*Id.*) Petitioner was found to be an SVP, and committed to a two-year term. (*Id.*) Eventually, that commitment extended

1  through July 22, 2002. (*Id.*)

2  In 2002, the State filed a petition to extend Petitioner's commitment to 2004. (*Id.*) No
3  trial commenced before the July 22, 2004 deadline was approaching, so the State filed a second
4  petition to extend Petitioner's commitment to July 22, 2006. (*Id.*) These two petitions were
5  consolidated. Again, no trial commenced before the July 22, 2006 deadline was approaching, so
6  the State filed a third petition to extent Petitioner's commitment to July 22, 2008. (*Id.*)
7  Ultimately, the consolidated petitions were scheduled to go to trial on October 6, 2006. (*Id.* at
8  3.) On October 20, 2006, a jury found that Petitioner was an SVP as defined by statute, and the
9  trial court committed Petitioner to an indeterminate term. (*Id.* at 4.)

10  Petitioner appealed to the California Court of Appeal, which affirmed the judgment on
11  December 16, 2008. The California Supreme Court denied review on March 25, 2009.
12  Petitioner filed the underlying petition on June 28, 2010.

13  **DISCUSSION**

14  A.   Standard of Review

15  This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
16  custody pursuant to the judgment of a state court only on the ground that he is in custody in
17  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*
18  *v. Hodges*, 423 U.S. 19, 21 (1975).

19  A district court shall "award the writ or issue an order directing the respondent to show
20  cause why the writ should not be granted, unless it appears from the application that the
21  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

22  B.   Petitioner's Claims

23  Petitioner raises the following claims: (1) the trial court was without jurisdiction to
24  extend Petitioner's commitment period beyond September 2006; (2) the State is judicially
25  estopped from proceeding on commitment petitions against Petitioner because of a consent
26  judgment; (3) there was insufficient evidence to prove that Petitioner was an SVP because there
27  was no showing that he committed "a recent overt act"; (4) the petition should have been
28  dismissed because it violated Welfare & Institutions Code section 6601 because one of the

evaluating psychologists was not an "independent professional"; (5) the retroactive application of the new indeterminate terms of the amended statute violated Petitioner's right to due process; and (6) Petitioner's 2006 petition should not have been dismissed.

Claims 4 and 6 fail to state a federal constitutional claim for relief, and therefore, will be DISMISSED with prejudice. Liberally construing the remaining claims, the Court concludes that Claims 1-3, and 5 are cognizable for federal habeas review.

C.  Exhaustion Requirement

However, it appears that Petitioner has not exhausted all of his cognizable claims. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998) (recognizing that the Court may raise exhaustion issues *sua sponte*). Prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement in federal habeas corpus proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b)-(c). Accordingly, the Court directs Respondent to file a motion to dismiss, or notify the Court that it expressly waives the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3).

**CONCLUSION**

1.  The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2.  Accordingly, **within sixty (60) days** of the filing date of this order, the Court directs Respondent to file a motion to dismiss on procedural grounds, or notify the Court that it expressly waives the exhaustion requirement. If Respondent files a motion to dismiss, Petitioner shall file a response **within twenty-eight (28) days** of Respondent's motion. Respondent shall file a reply within **fourteen (14) days** thereafter.

3.  It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of

1  any change of address by filing a separate paper captioned "Notice of Change of Address." He
2  must comply with the Court's orders in a timely fashion. Failure to do so may result in the
3  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
4  41(b).

   IT IS SO ORDERED.

   DATED: 1/2/13

   *Lucy H. Koh*
   LUCY H. KOH
   United States District Judge