UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT E. FELIX,<br><br>                Petitioner,<br><br>   v.<br><br>DR. S. MAYBERG,<br><br>               Respondent. | No.: C 10-2823 LHK (PR)<br><br>ORDER GRANTING MOTION TO DISMISS |

Petitioner, who is civilly committed, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In its order re-opening the case, the Court found that Petitioner has not exhausted the state remedies for his second claim as required by § 2254(b)(1). ECF No. 22. The Court directed Respondent to either file a motion to dismiss or expressly waive the exhaustion requirement of § 2254. *Id.* Respondent declines to waive the exhaustion requirement. ECF No. 33. Respondent moves to dismiss on the grounds that the petition included claims that are not exhausted or alternatively to dismiss only the unexhausted claim. ECF No. 33. In Petitioner's response to Respondent's motion, Petitioner indicated his intent to dismiss the unexhausted claim. ECF No. 33.

A mixed petition is not fatal to a habeas action. "[Petitioners] who . . . submit mixed petitions . . . are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). "[D]istrict courts must

provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal." *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Here, the parties agree that Petitioner has submitted a mixed petition. ECF No. 31 at 5; ECF No. 33 at 2.

Because Petitioner has indicated his willingness to dismiss the unexhausted claim, the Court GRANTS Respondent's motion to dismiss as to the unexhausted claim only. The Court DENIES Respondent's alternative request to dismiss the entire petition. Petitioner may proceed with his exhausted claims, specifically claims 1, 3, and 5.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss claim 2 – the unexhausted claim – is GRANTED.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

3. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 26, 2013

_____
LUCY H. KOH
United States District Judge

2

Case No.: C 10-2823 LHK (PR)
ORDER GRANTING MOTION TO DISMISS CLAIM 2