UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT E. FELIX, | ) Case No.: 10-CV-02823-LHK |
| ) | |
| Petitioner, | ) ORDER DENYING PETITION FOR |
| v. | ) WRIT OF HABEAS CORPUS AND |
| | ) DENYING MOTION FOR |
| DR. S. MAYBERG, | ) EVIDENTIARY HEARING |
| | ) |
| Respondent. | ) |
| | ) |

Before the Court is Petitioner Scott Felix's ("Felix" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ("Pet.") ECF No. 1. The Court ordered Respondent Dr. S. Mayberg ("Respondent") to show cause why Felix's Petition should not be granted. ECF No. 37. Respondent filed an Answer addressing the merits of the Petition, ("Answer") ECF No. 39, and Petitioner filed a Traverse, ("Traverse") ECF No. 43. Respondent also filed a Response to the Traverse, in which Respondent claimed that the Traverse raised a new, unexhausted claim for relief. ("Response") ECF No. 45.

Also before the Court is Petitioner's Motion for an Evidentiary Hearing. ("Mot.") ECF No. 44. Respondent opposes the Motion, ("Opp'n) ECF No. 46, and Petitioner replied, ("Reply") ECF No. 47. Having reviewed the parties' submissions, the relevant law, and the underlying record, the

1
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR
EVIDENTIARY HEARING

Court DENIES the Petition and DENIES the Motion for an Evidentiary Hearing for the reasons set forth below.

## I. BACKGROUND

### A. Factual History and State Court Proceedings

Federal courts reviewing habeas petitions must presume that the state courts' factual determinations are correct unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Accordingly, the facts in this case are drawn from the opinion of the California Court of Appeal. *See* ("CCA Op.") Answer Ex. 6; Pet. Ex. 5, ECF No. 1-5.[1]

In 1982, Felix was convicted of three counts of false imprisonment, two counts of oral copulation, one count of rape, and one count of assault with the intent to commit rape. CCA Op. at 1. Felix's crimes involved six separate victims, and were committed between April and October of 1982. *Id.* In each case, Felix approached a stranger in a public space and, through the use of force or threats of force, either attempted to or succeeded in forcing his victims to perform sexual acts on him. *Id.* at 1-2. Felix was sentenced to serve nineteen years and four months in prison. *Id.* at 2.

Sometime before 1993, Felix was released on parole. *Id.* In May 1994, Felix's parole was revoked for six months after Felix was charged with assault and battery, possession of a dangerous weapon, possession of stolen property, and threats or harassment. *Id.* Felix's parole was revoked for one month in March 1995 for a curfew violation, dishonesty, and noncooperation. *Id.* Felix was arrested for stalking in August 1995, but his parole was continued on that occasion. *Id.* In March 1996, Felix's parole was revoked for nine months for being drunk in public. *Id.*

While Felix was in custody following his March 1996 parole revocation, the State filed a petition to civilly commit Felix as "sexually violent predator" ("SVP") under the Sexually Violent Predator Act ("SVPA"), Cal. Welf. & Inst. Code §§ 6600 *et seq. Id.* A trial held on the State's petition in February 1998 ended in a mistrial, but on retrial in July 1998, a jury found that Felix qualified as an SVP. Answer at 1. Consequently, Felix was committed to the Department of Mental

---

[1] The California Court of Appeal's decision is partially published as *People v. Felix*, 169 Cal. App. 4th 607 (2008); however, the Court refers to the complete opinion lodged with the Court as Exhibit 6 to Respondent's Answer and also as Exhibit 5 to Felix's Petition, ECF No. 1-5.

2

1    Health ("DMH") for a two-year term. *Id.*; CCA Op. at 2. That commitment was eventually

2    extended through July 22, 2002. CCA Op. at 2.

3        The State then filed a petition to extend Felix's commitment from July 2002 through July

4    2004. *Id.* A trial on that petition had yet to occur as July 2004 approached, and so the State filed

5    another petition to extend Felix's commitment from July 2004 to July 2006. *Id.* The 2002 and 2004

6    petitions were consolidated. *Id.* A trial still had not occurred as July 2006 approached, and thus the

7    State filed yet another petition to extend Felix's commitment through July 2008. *Id.* The 2006

8    petition was not consolidated with the 2002 and 2004 petitions, and was instead set for trial before

9    a different state court judge. *Id.* at 3-4.

10       On September 20, 2006, the Sex Offender Punishment, Control, and Containment Act of

11   2006 took effect. *Id.* at 4. Among other things, the Act amended the SVPA to change the term of

12   commitment for persons declared to be SVPs from two years to an indeterminate term. *Id.* The

13   State subsequently amended its commitment petitions to seek an indeterminate term of

14   commitment for Felix. *Id.*

15       In October 2006, a trial was held on the consolidated 2002 and 2004 petitions, and a jury

16   again determined that Felix qualified as an SVP. *Id.* Following argument regarding the proper term

17   of commitment, the state court committed Felix to the DMH for an indefinite term. *Id.* The 2006

18   petition was dismissed as moot. *Id.* at 4, 24.

19       Felix appealed his 2006 commitment to the California Court of Appeal, raising the

20   following five issues: (1) the state court lacked jurisdiction under the 2006 amendments to the

21   SVPA to extend Felix's existing SVP commitment ("claim 1"), *id.* at 5; (2) the State was judicially

22   estopped from proceeding on its commitment petitions against Felix due to a consent judgment

23   ("claim 2"), *id.* at 14; (3) there was insufficient evidence to prove Felix qualified as an SVP

24   because there was no proof Felix had committed a "recent overt act" ("claim 3"), *id.* at 19; (4) the

25   State's petitions should have been dismissed because one of the psychologists who evaluated Felix

26   was not an "independent professional" under Welfare & Institutions Code Section 6601 ("claim

27   4"), *id.* at 23-24; (5) the retroactive application of the amended SVPA's provision for an

28

3

Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR
EVIDENTIARY HEARING

1   indeterminate term of commitment violated Felix's right to due process ("claim 5"), *id.* at 12; and
2   (6) the state court erred in dismissing the 2006 petition to extend Felix's commitment ("claim 6"),
3   *id.* at 24. On December 16, 2008, the Court of Appeal, in an opinion that addressed each of Felix's
4   contentions on the merits, affirmed the judgment of civil commitment. *Id.* at 25. The California
5   Supreme Court denied review on March 25, 2009. Answer Ex. 9.

### B. Federal Court Procedural History

On August 14, 2001, Felix filed a habeas petition in district court challenging the 1998 civil commitment judgment. *See Felix v. Hennessey*, No. 01-3138, 2010 WL 3199172, at *1 (N.D. Cal. Aug. 11, 2010). The petition was assigned to Judge Alsup. *Id.* Following a stay to allow Felix to exhaust several of his claims in state court and many rounds of motions, Judge Alsup denied the petition. *Id.* Felix obtained a certificate of appealability from the Ninth Circuit, *see* Case No. 01-3138, ECF No. 85, and the appeal is currently pending, Answer at 1.

Felix, proceeding *pro se*, filed the instant Petition challenging the 2006 civil commitment judgment on June 28, 2010. ECF No. 1. The Petition raised the same six claims that had been presented to the California Court of Appeal. *See* Pet. at 14-16; *supra* Part I.A.[2]

This Court dismissed the Petition without prejudice on August 13, 2010 due to Felix's failure to either complete an *in forma pauperis* application or pay the filing fee. ECF No. 4. Felix eventually paid the filing fee, and the case was reopened on January 2, 2013. ("Order to Reopen") ECF No. 22. In the Order to Reopen, the Court dismissed with prejudice claims 4 and 6, as neither stated a federal claim for relief. *Id.* at 3. The Court further noted that Felix did not appear to have properly exhausted claim 2 under 28 U.S.C. § 2254(b)-(c), and therefore ordered Respondent to either file a motion to dismiss or notify the Court that it waived the exhaustion requirement. *Id.* On February 13, 2013, the Court appointed counsel for Felix. ECF No. 23.

On June 4, 2013, Respondent filed a motion to dismiss the Petition or, in the alternative, to dismiss Felix's unexhausted claim. ECF No 31 at 5. The Court granted Respondent's motion to dismiss as to the unexhausted claim only on August 26, 2013, and ordered Respondent to show

---

[2] Indeed, the claims in the Petition are reproduced verbatim from the table of contents of Felix's state court appellate brief. *Compare* Pet. at 14-16, *with* Answer Ex. 3 at i-ii.

4
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

cause why Felix's Petition should not be granted as to claims 1, 3, and 5.[3] ECF No. 37 at 2. Respondent filed his Answer on October 25, 2013, ECF No. 39, and Felix filed his Traverse on December 4, 2013, ECF No. 43. Respondent filed his Response to the Traverse, arguing that the Traverse raised a new, unexhausted claim, on December 26, 2013. ECF No. 45.

On December 18, 2013, Felix filed a Motion for an Evidentiary Hearing. ECF No. 44. Respondent filed an Opposition to the Motion on December 26, 2013, ECF No. 46, and Felix filed a Reply on January 2, 2014, ECF No. 47.

## II.     LEGAL STANDARDS

### A.     Habeas Relief

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 384-86 (2000) (Opinion of Stevens, J.), while the second prong applies to decisions based on factual determinations, *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

---

[3] Although the parties use alternative numbering for these claims, the Court will continue to refer to the exhausted claims in this case as claims 1, 3, and 5 for the sake of consistency with its prior orders.

the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409. The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412. Circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003) (internal quotation marks omitted), *overruled on other grounds as recognized by McKinney v. Ryan*, 730 F.3d 903, 909 (9th Cir. 2013). However, only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied. *Id.*

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of Petitioner's claims. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000). In this case, that is the 2008 opinion of the California Court of Appeal affirming Felix's 2006 civil commitment.

### III.     DISCUSSION

#### A.     Whether the State Court Lacked Jurisdiction to Extend Felix's Commitment

Felix's Petition first asserts that the state court lacked jurisdiction to extend Felix's commitment beyond September 20, 2006, when the 2006 amendments to the SVPA took effect.

6
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

Pet. at 14.[4] As explained in the Court of Appeal Opinion, the pre-2006 version of the SVPA provided that a person determined to be an SVP could "'not be kept in actual custody longer than two years unless a subsequent extended commitment [wa]s obtained from the court incident to the filing of a petition for extended commitment under this article.'" CCA Op. at 6 (alteration in original) (quoting former Cal. Welf. & Inst. Code § 6604). The pre-2006 SVPA further provided that "'[f]or any subsequent extended commitments, the term of commitment shall be for two years commencing from the date of the termination of the previous commitment." *Id.* (quoting former Cal. Welf. & Inst. Code § 6604.1(a)). Although these provisions, and others, indicated that the pre-2006 SVPA contemplated that the State would file petitions for extended commitments, the pre-2006 SVPA did not contain a provision that specifically authorized petitions for extended commitments. *Id.* at 5-7.

The 2006 amendments to the SVPA eliminated all references to extended commitments. *Id.* at 8. Instead, the amended SVPA provided simply that a determination that an individual qualified as an SVP would result in an indeterminate, as opposed to a two-year, term of commitment. *Id.* Amended Section 6604.1(a) stated that "'[t]he indeterminate term of commitment provided for in Section 6604 shall commence on the date upon which the court issues the initial order of commitment pursuant to that section.'" *Id.* (quoting amended Section 6604.1(a)).

Given that the amended SVPA no longer mentioned petitions for extended commitments, Felix argued to the Court of Appeal that the state trial court lacked jurisdiction to commit him, because he was already committed as an SVP at the time the 2006 amendments took effect. *Id.* at 9. The Court of Appeal rejected that argument. *Id.* Applying standard tools of statutory construction, the Court of Appeal first looked to the language of the amended SVPA and concluded that it was ambiguous as to how it applied to individuals already committed as SVPs. *Id.* at 9-10. In particular, the Court of Appeal noted that amended Section 6604.1(a)'s reference to an "initial order of

---

[4] In his Traverse, Felix states that he "acknowledges that claim 1, whether the trial court lacked jurisdiction to extend his commitment, is primarily a matter of state law," and that therefore, "Felix chooses not to present further argument in support of this claim." Traverse at 8. It is unclear from this statement whether Felix means to abandon claim 1, and thus, in the interests of caution, the Court will address claim 1 on the merits.

7
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

commitment" could refer either to a person's very first order of commitment, or simply to the first order committing that individual *for an indeterminate term. Id.* at 10.

Having concluded that the statutory language was ambiguous, the Court of Appeal turned to other interpretive aids to guide its analysis of legislative intent. *Id.* at 10-12. Here, the Court of Appeal found that, in extending the standard period of commitment for SVPs from two years to an indeterminate period, the primary intent of the 2006 SVPA amendments was to "strengthen the state's power to confine persons determined to be SVPS." *Id.* at 11. In light of this, the Court of Appeal found it inconceivable that the legislature intended to amend the SVPA in such a way that would require the State to automatically release all individuals currently committed as SVPs at the end of their two-year terms, without any mechanism to recommit these individuals unless and until they returned to the custody of the Department of Corrections. *See id.* Having found that the amended SVPA authorized the extended commitment of individuals already committed as SVPs at the time of the law's enactment, the Court of Appeal rejected Felix's claim that the state trial court lacked jurisdiction to extend his commitment in 2006. *Id.* at 12.

The Court of Appeal's construction of California state law is binding on this Court absent any indication that its "interpretation is an obvious subterfuge to evade consideration of a federal issue." *Hubbart v. Knapp*, 379 F.3d 773, 780 (9th Cir. 2004) (internal quotation marks omitted); *see also Bradshaw v. Rickey*, 546 U.S. 74, 76 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). There is no indication of such subterfuge here, and the Court accordingly concludes that it has no basis to question the Court of Appeal's conclusion that the 2006 amendments to the SVPA did not, as a matter of state law, deprive state courts of the authority to extend the commitments of individuals already committed as SVPs at the time the law took effect. As Felix did not and does not assert that this interpretation of the SVPA violates the federal Constitution, the Court hereby DENIES claim 1 of Felix's Petition.

### B.    Whether Felix May Be Committed as an SVP Absent Proof of a "Recent Overt Act"

Felix next asserts that his 2006 civil commitment judgment was not supported by sufficient evidence because the State did not prove that Felix had committed a "recent overt act" of sexual violence at the time of his 2006 commitment proceedings. *See* Pet. at 15; *see also* ("CCA Br.") ECF No. 1-2 at 39. Felix contends that both the SVPA and due process require the State to prove that an individual who has been out of custody "for an extended period of time" committed a recent overt act in order for that individual to be committed as an SVP. CCA Br. at 39. Because Felix was not convicted of any sex offenses during the period he was out of custody in the mid-1990s, Felix reasons that he could not be committed as an SVP in 2006. *Id.*

The California Court of Appeal rejected both the statutory and due process components of Felix's argument. CCA Op. at 20. As for Felix's claim that SVPA itself requires proof of a recent overt act, the Court of Appeal noted that the SVPA defines an SVP as an individual "'who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person *a danger to the health and safety of others* in that it is likely that he or she will engage in sexually violent criminal behavior.'" *Id.* (emphasis in original) (quoting Cal. Welf. & Inst. Code § 6600(a)(1)). The Court of Appeal further noted that the SVPA expressly provides that proving that an individual poses "a danger to the health and safety of others" does not require proof of "recent overt acts . . . 'while the offender is in custody.'" *Id.* (quoting Section 6600(d)). From this, the Court of Appeal reasoned that the SVPA contained no "recent overt act" requirement where, as here, an individual had been in custody for an extended period of time—nearly ten years in Felix's case—prior to trial on an SVP commitment petition. *Id.* at 20-21. As explained above, the Court of Appeal's interpretation of the SVPA is binding on this Court, *see supra* Part III.A, and thus the Court rejects Felix's argument that the SVPA itself required proof that Felix committed a sex offense while out of custody in the mid-1990s.

The Court of Appeal further concluded that due process does not require proof of a recent overt act to civilly commit an individual as an SVP. *Id.* at 21-23. The Court of Appeal first observed that numerous courts in other states had upheld similar civil commitment statutes in the

9

Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

absence of a recent overt act requirement, and that no court, either state or federal, required proof of a recent overt act when the individual had been in custody for an extended period of time. *Id.* at 21-22. The Court of Appeal further noted that both the California Supreme Court and the U.S. Supreme Court had "exhaustively examined the issue of what showing is required to confine a sexually violent predator against his or her will consistent with the due process clause," and that neither court had identified proof of a recent overt act as part of the necessary constitutional showing. *Id.* at 23 (citing *Kansas v. Crane*, 534 U.S. 407 (2002); *People v. Williams*, 31 Cal. 4th 757 (2003)). Based on this authority, the Court of Appeal concluded that Felix's 2006 commitment in the absence of proof of a recent overt act did not violate due process.[5]

The Court of Appeal's conclusion that due process does not require proof of a recent overt act in order to commit an individual as an SVP was neither "contrary to" nor "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). The Court of Appeal correctly identified and applied the controlling U.S. Supreme Court decisions governing the level of proof required to civilly commit an individual as a sexually violent predator consistent with due process. *See* CCA Op. at 23 (citing *Crane*, 534 U.S. 407). These decisions have upheld civil commitment schemes so long as: "(1) 'the confinement takes place pursuant to proper procedures and evidentiary standards,' (2) there is a finding of 'dangerousness either to one's self or to others,' and (3) proof of dangerousness is 'coupled . . . with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.'" *Crane*, 534 U.S. at 409-10 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 357-58 (1997)). The SVPA complies with each of these requirements, *see, e.g.*, *Williams*, 31 Cal. 4th at 767-68, and Felix identifies no controlling federal authority holding that additional proof of a recent overt act is required. Accordingly, the Court finds that the

---

[5] The Court of Appeal concluded, in the alternative, that if the SVPA or due process did require proof of an overt act, then this requirement was satisfied in Felix's case. CCA Op. at 23. The Court of Appeal noted that Felix violated his parole repeatedly between 1993 and 1996, such that Felix did not spend any significant, sustained period of time out of custody, and the Court of Appeal accepted the conclusion of one of the State's psychiatric experts that the length of time Felix *did* spend out of custody "was insufficient to conclude [Felix] was not a significant risk of committing further sexually violent offenses." *Id.*

10

Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

California Court of Appeal's conclusion that due process did not require proof of a recent overt act to commit Felix as an SVP was reasonable, and DENIES claim 3 of Felix's Petition.

### C. Whether the Retroactive Application of the Amended SVPA Violated Felix's Right to Due Process

Felix's final contention is that the retroactive application of the amended SVPA's provision for an indeterminate term of commitment violated his right to due process. Pet. at 16. Felix argues for the first time in his Traverse that the California Court of Appeal did not address this claim in deciding Felix's appeal and that therefore the standard of review is *de novo*. Traverse at 11 (citing *Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005) (when no state court has evaluated the merits of a habeas petitioner's claim, and the claim is not barred by procedural default, the federal court reviews the claim *de novo*)). The Court will therefore address the appropriate standard of review for this claim before analyzing the claim on the merits.

#### 1. Standard of Review

Felix asserts that the Court of Appeal did not address his argument that the retroactive application of the SVPA's provision for an indeterminate term of commitment violates due process on the merits. Traverse at 11. Felix bases this argument on the fact that the Court of Appeal did not analyze his retroactivity argument using the balancing test from *Matthews v. Eldridge*, 424 U.S. 319 (1976), that the Supreme Court has, on occasion, applied in adjudicating due process challenges to civil commitment schemes. *See* Traverse at 10; *see also Addington v. Texas*, 441 U.S. 418, 425 (1979) (applying a version of the *Matthews* test to determine proper standard of proof for civil commitment). In Felix's view, the Court of Appeal's failure to apply the *Matthews* balancing test demonstrates that the Court of Appeal did not address his retroactivity claim.[6]

---

[6] Felix argues in the alternative that the Court of Appeal applied the "wrong" legal standard, thereby implying that the Court of Appeal's decision was "contrary to" clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1). Traverse at 11. To the extent Felix is arguing that the *Matthews* balancing test is the sole legal test that applies to any due process challenge to a civil commitment judgment, the Court disagrees. There are many different species of due process claims, and the U.S. Supreme Court has never held that a single legal standard must govern all claims that fall within the general rubric of due process. Moreover, both the Supreme Court and the Ninth Circuit have repeatedly considered due process challenges to civil commitment judgments without applying *Matthews*. *See, e.g.*, *Hendricks*, 521 U.S. at 356-60; *Foucha v. Louisiana*, 504 U.S. 71, 76-81 (1992); *Robinson v. Mayberg*, 451 F. App'x 690, 691 (9th Cir. 2011) (mem.); *Rose*

11
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

1   The Court disagrees. The Court of Appeal expressly addressed Felix's argument "that
2   application of [the amended SVPA] to the consolidated 2002 and 2004 petitions violate[d] [Felix's]
3   due process rights." CCA Op. at 12. The Court of Appeal acknowledged that Felix was challenging
4   the purported "retroactive" application of the 2006 law to the 2002 and 2004 petitions and analyzed
5   Felix's claim within a retroactivity framework. *Id.* ("In addressing a retroactivity challenge, we
6   first determine whether the law has been retroactively applied. If so, we decide whether the
7   Legislature intended that the statute be applied retroactively. If we find the Legislature did so
8   intend, we consider whether the retroactive application is constitutional."). Using this framework
9   the Court of Appeal concluded that the premise of Felix's retroactivity argument was incorrect—
10  namely, that the application of the 2006 SVPA amendments to petitions commenced in 2002 and
11  2004 was *not* a retroactive application of the law. *Id.* at 13. The Court of Appeal reasoned, in
12  accord with the numerous other California courts that had considered the issue, that the SVPA
13  requires a finding that an individual qualifies as an SVP "*at the time of commitment*," and that
14  "[a]pplying current law to a determination of the respondent's current status is not a retroactive
15  application." *Id.* at 13 (emphasis in original). Felix's commitment trial took place in 2006, when
16  the SVPA's amendments were in effect, and thus there was no retroactive application of law to his
17  case. *Id.* at 13-14.
18  Given that the Court of Appeal rejected Felix's claim at the first stage of the retroactivity
19  analysis, it had no need to address the further question of whether a retroactive application of the
20  SVPA's provision for an indefinite term of commitment would or would not have been
21  constitutional. The Court thus finds that the Court of Appeal clearly addressed Felix's
22  "retroactivity" due process challenge to his 2006 commitment on the merits. Accordingly, the
23  standard of review is not *de novo*, and the deferential provisions of 28 U.S.C. § 2254(d) apply.

---

*v. Mayberg*, 454 F.3d 958, 962-63 (9th Cir. 2006). Accordingly, the California Court of Appeal's decision did not necessarily apply the wrong legal standard when it did not analyze Felix's retroactivity claim using *Matthews*, and the Court cannot conclude that the Court of Appeal's decision was "contrary to" federal law.

12

Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

### 2. Analysis

The Court of Appeal's conclusion that the application of the 2006 SVPA amendments to the 2002 and 2004 petitions was not a retroactive application of law that deprived Felix of due process was neither contrary to nor an unreasonable application of clearly established federal law. Felix points to no authority that would indicate either that the Court of Appeal applied an incorrect framework for analyzing retroactivity challenges or that the Court of Appeal applied this framework unreasonably.[7] Indeed, Felix concedes that "the retroactive application of the 2006 SVPA law" does not constitute a "*per se* violation of federal due process standards." Traverse at 12.

In his Traverse, Felix contends that the Court of Appeal's rejection of his retroactivity challenge was nevertheless unreasonable in light of the "Kafkaesque nature of the proceedings that kept [Felix] in custody from 1998 to 2006." *Id.* at 14. Since Felix's explanation of this argument consists of little more than a recitation of the history of the proceedings against him in state court, the exact nature of Felix's argument is unclear. However, to the extent Felix is arguing that his 2006 commitment trial violated due process because of irregularities in the proceedings, delay in bringing the 2002 and 2004 petitions to trial, or both, the Court finds that Felix failed to raise this argument in state court. Felix's briefs to the Court of Appeal did not argue that Felix's due process rights were violated by either irregularities in the commitment proceedings or undue delay. *See* CCA Br. at 49-56; ("CCA Reply") ECF No. 1-4 at 17-19; *accord* CCA Op. at 13 ("Felix does not argue that the delay in the proceedings violated his due process rights.").

---

[7] Although the Court of Appeal referenced California state cases in conducting its retroactivity analysis, the federal approach to retroactivity questions is substantively the same, and Felix does not argue otherwise. *Compare* CCA Op. at 12-13 ("In order for a law to be retrospective, it must apply to events occurring before it was enacted. . . . Thus, the critical question for determining retroactivity usually is whether the *last act or event necessary to trigger application of the statute* occurred before or after the statute's effective date. . . . A law is not retroactive merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." (emphasis in original) (internal quotation marks and citations omitted)), *with Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994) ("A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment . . . or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." (citation omitted)).

13
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

A federal court reviewing a habeas petition may not consider unexhausted claims. *See* 28 U.S.C. § 2254(b)-(c). To exhaust a claim in state court, "a petitioner must apprise the state court that he is making a claim under the U.S. Constitution, and describe both the operative facts and the federal legal theory on which [the] claim is based." *McKinney*, 730 F.3d at 911 (alteration in original) (internal quotation marks omitted). Felix failed to present to the state court either the operative facts[8] or the federal legal theory underlying his claim that the "Kafkaesque nature" of the proceedings that led to his 2006 commitment violated due process, and the Court therefore concludes that this claim is unexhausted.

The Court finds that this claim is procedurally defaulted as well. An unexhausted claim is procedurally defaulted if "'the [state] court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Here, it appears that Felix's claim that the "Kafkaesque nature" of his commitment proceedings violated due process would be barred by California's procedural rule that bars reconsideration of issues that could have been, but were not raised on direct appeal. *See, e.g.*, *Carmony v. Hunter*, No. 03-0927, 2006 WL 3762110, *5 (E.D. Cal. Dec. 20, 2006) (citing *In re Dixon*, 41 Cal. 2d 756, 759 (1953)). Because Felix could have presented this claim to the California Court of Appeal, any state court reviewing this claim now would find it defaulted.[9]

Felix cursorily contends that he can establish "cause" and "prejudice" sufficient to overcome procedural default due to ineffective assistance of counsel in the state court appellate proceedings. Traverse at 15; *see also Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal

---

[8] The Court notes that some of the purportedly "Kafkaesque" occurrences Felix cites in the Traverse relate to the 1998 commitment proceedings, which are not the subject of the instant Petition. *See* Traverse at 14.

[9] It is also far from clear that any claim Felix could bring in state court would be timely, given that several years have elapsed since the 2006 commitment judgment became final.

14
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

law."). This contention is without merit. Even assuming that Felix has a constitutional right to effective assistance of counsel in his civil commitment proceedings, *see, e.g.*, *Woodard v. Mayberg*, 242 F. Supp. 2d 695, 702 (N.D. Cal. 2003) (SVPA proceedings are civil, not criminal, in nature), Felix identifies no basis for concluding that his state appellate counsel provided constitutionally ineffective assistance.[10] To establish ineffective assistance of counsel, Felix must show that his counsel's performance was "deficient," in that it fell below an "objective standard of reasonableness," and that Felix suffered prejudice as a result of counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Even construing Felix's Traverse (as well as the briefs submitted in support of Felix's Motion for an Evidentiary Hearing) generously, the sole error Felix identifies in his state appellate counsel's performance is that state appellate counsel did not raise an argument that Felix's current counsel now views as meritorious. This is hardly sufficient to show deficient performance, which requires Felix to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," such that "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). Accordingly, the Court concludes that Felix cannot establish cause and prejudice for his failure to raise his claim regarding the "Kafkaesque nature" of his commitment proceedings and thus that Felix is not able to overcome procedural default.[11]

---

[10] Felix cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), in support of his claim that he received ineffective assistance of counsel in the appeal of the 2006 civil commitment judgment. *See* Traverse at 15; Reply at 5. *Martinez* established that a petitioner may, under very limited circumstances, raise an ineffectiveness challenge to his counsel's performance in a state collateral proceeding. *See* 132 S. Ct. at 1320. Although the exact implications of *Martinez* remain unsettled, *see Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013) (recognizing a limited expansion of *Martinez*), *Martinez* has no application here, where no state collateral proceeding ever took place.

[11] Because this claim is procedurally defaulted, the Court will not stay these proceedings to allow Felix the opportunity to raise the claim in state court. *See* Reply at 6; *see also King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009) (district court may stay a petition for a writ of habeas corpus while petitioner attempts to exhaust claims in state court). This Petition was filed in 2010, and Felix did not so much as mention this claim, let alone seek to stay the proceedings, until December 2013. Given that a stay would likely be futile, that this case is over three years old, and that briefing in Felix's related appeal in *Felix v. Hennessey* has been stayed pending this Court's decision in this case, *see* Case No. 01-3138, ECF No. 92 (granting parties a fourth extension for filing briefs "in

15
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

In sum, the Court concludes that the California Court of Appeal's rejection of Felix's "retroactivity" due process claim was neither contrary to nor an unreasonable application of clearly established federal law. The Court therefore DENIES claim 5 of Felix's Petition. To the extent Felix now raises a due process claim based on the "Kafkaesque nature" of his commitment proceedings, the Court concludes that this claim is unexhausted and procedurally defaulted and that Felix fails to establish cause and prejudice for his default; the Court thus DENIES Felix's Petition on this ground as well.

## IV. EVIDENTIARY HEARING

Felix separately moves for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2) to develop a factual record to support his claim that his right to due process was violated by the proceedings leading up to his 2006 commitment. Mot. at 1-2. Felix contends that an evidentiary hearing is necessary because "this court cannot reasonably decide his claim that his federal right to due process . . . was violated without considering evidence concerning the proceedings" involving a recommitment petition filed by the State in 2000 and a motion for early release filed by Felix. *Id.*

Following the U.S. Supreme Court's decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), when a state court has adjudicated a claim on the merits, the federal court reviewing the claim on habeas review may not consider evidence not contained in the state court record in determining whether the claim meets the requirements of 28 U.S.C. § 2254(d). *See Gulbrandson v. Ryan*, --- F.3d ---, 2013 WL 5779188, at *13 (9th Cir. March 18, 2013); *Stokley v. Ryan*, 659 F.3d 802, 807 (9th Cir. 2011). The Ninth Circuit has recognized that *Pinholster*'s holding therefore "effectively precludes federal evidentiary hearings" on claims adjudicated on the merits in state court. *Gulbrandson*, 2013 WL 5779188 at *13; *see also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district court may ever choose to hold an evidentiary hearing *before* it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief." (emphasis in original) (internal quotation marks and citation omitted)).

light of the related pending district court litigation"), the Court concludes that a stay is unwarranted.

16

Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

1     For the reasons given above, the Court has concluded that Felix does not meet Section

2 2254(d)'s standard for relief as to the three claims the California Court of Appeal adjudicated on

3 the merits. *See supra* Part III. Accordingly, to the extent Felix requests an evidentiary hearing in

4 relation to these claims, Felix's Motion for an Evidentiary Hearing is DENIED. As to Felix's

5 unexhausted claim based on the "Kafkaesque nature" of his commitment proceedings, the Court

6 concludes that Felix is not entitled to an evidentiary hearing because the claim is procedurally

7 defaulted and Felix has not shown cause and prejudice for the default. *See supra* Part III.C.2;

8 *accord Stokley*, 659 F.3d at 810 (petitioner may not obtain an evidentiary hearing on a defaulted

9 claim absent a showing of cause and prejudice). Thus, the Court DENIES Felix's Motion for an

10 Evidentiary Hearing as to this claim as well.

11 **V.    CONCLUSION**

12     For the foregoing reasons, the Court DENIES Felix's Petition for a writ of Habeas Corpus

13 and DENIES Felix's Motion for an Evidentiary Hearing. The federal rules governing habeas cases

14 brought by state prisoners require a district court that denies a habeas petition to grant or deny a

15 certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases,

16 28 U.S.C. foll. § 2254.

17     The Court notes that the Ninth Circuit has repeatedly extended the briefing schedule in

18 Felix's appeal in *Felix v. Hennessey* pending this Court's decision on the instant Petition. *See* Case

19 No. 01-3138, ECF No. 92 (granting parties a fourth extension for filing briefs "in light of the

20 related pending district court litigation"). The Court thus recognizes that the Ninth Circuit may

21 ultimately conclude that an appeal in this case is warranted in light of related issues raised by this

22 Petition and the petition challenging Felix's 1998 commitment. Nevertheless, based on an

23 independent review of the issues posed by the current Petition, the Court concludes that Felix has

24 not shown "that jurists of reason would find it debatable whether the petition states a valid claim of

25 the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, no

26 COA shall issue.

27     The Clerk of the Court shall enter judgment in favor of Respondent and shall close the file.

17
Case No.: 10-CV-02823-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR EVIDENTIARY HEARING

**IT IS SO ORDERED.**

Dated: January 16, 2014

_____
LUCY H. KOH
United States District Judge